**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-00550-REB-MEH

LARRY BRIGGS,

    Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**Blackburn, J.**

    This matter is before me on the plaintiff's **Motion to Remand** [#26], filed April 26, 2006. The defendant has filed a response, and the plaintiff has filed a reply. I grant the motion.

    The defendant, GEICO General Insurance Company, seeks to remove this case to federal court from the District Court of Boulder County, Colorado. GEICO argues that this court has diversity jurisdiction over this case under 28 U.S.C. § 1332, and under 28 U.S.C. § 1453, as amended by the Class Action Fairness Act of 2005. The state court action was filed on January 10, 2003. This case was captioned as ***Young et al. v. State Farm Mutual Automobile Insurance Co. et al.*** The plaintiff, Larry Briggs, was one of more than fifty plaintiffs who asserted claims against several defendant auto insurance companies.

    Shortly after the ***Young*** case was filed, defendant GEICO moved to sever the claims against it from the ***Young*** action. This motion was denied. The ***Young*** case

was litigated for two-and-one-half years, and GEICO again moved to sever on September 29, 2005. On February 22, 2006, plaintiffs' counsel stipulated to severance. On February 24, 2006, the state court issued an order accepting the stipulation and directing severance. As a result, many of the plaintiffs' claims were severed from the *Young* action. Brigg's claims against GEICO were included in the severance. The plaintiffs agreed to file amended complaints and new motions for class certification in each of the severed cases. *GEICO's response*, Exhibit C (state court minute order). Before an amended complaint was filed in *Briggs v. GEICO*, GEICO filed its Notice of Removal in this court. A short time later, the state court assigned different case numbers to the actions that had been severed from the *Young* action. The present case, the severed *Briggs v. GEICO* action, was assigned case number 06CV348 in the state court. In *Young* and in the actions severed from *Young*, including *Briggs v. GEICO*, the plaintiffs have sought or will seek certification of a class of plaintiffs.

## I. CLASS ACTION FAIRNESS ACT

GEICO contends that its Notice of Removal is governed by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (CAFA). CAFA applies only to civil actions commenced on or after its effective date, which was February 18, 2005. *Pritchett v. Office Depot, Inc.*, 420 F3d 1090, 1094 (10th Cir. 2005) (citing 119 Stat. at 14). GEICO argues that this case was commenced when the state court entered its severance order on February 24, 2006. Again, that order required the filing of a separate complaint concerning Briggs' claims against GEICO. GEICO claims that the severance of *Briggs v. GEICO* and the state court's assignment of a separate case number to *Briggs v. GEICO* demonstrate that *Briggs v. GEICO* was commenced as of the date of the severance order, February 24, 2006, and, thus, is covered by the CAFA.

2

Precisely when an action is commenced for the purpose of the CAFA has been a matter of some dispute. Recently, the United States Court of Appeals for the Tenth Circuit examined this question in **Prime Care of Northeast Kansas, LLC v. Humana Insurance Co**., 447 F.3d 1284 (10th Cir. 2006). In **Prime Care**, the court examined "whether CAFA permits the removal of a class action filed before the Act's effective date if the removing defendant was first added by amendment after the effective date." *Id*. at 1284. The initial complaint in **Prime Care** was filed in state court on February 14, 2005, four days before the effective date of the CAFA. *Id*. On April 22, 2005, the state court granted the plaintiffs permission to file a fifth amended complaint which named Humana as a defendant for the first time. *Id*. The trial court held specifically that the amended complaint related back to the initial filing date. *Id*. Humana then sought to remove the case to federal court under CAFA, arguing that its addition as a defendant on April 22, 2005, constituted the commencement of a new action against it on that date. After examining competing approaches to the question, the Tenth Circuit held that "whether a post-CAFA amendment triggers a substantive right of removal under CAFA by the affected parties depends on whether the amendment relates back to the pre-CAFA pleading that is being amended." *Id*. at 1289.

Rule 15(c) of the Colorado Rules of Civil Procedure provides, in relevant part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

C.R.C.P. Rule 15 (c). Here, the record indicates that the claims asserted by Briggs in his complaint in the severed **Briggs v. GEICO** action are the same claims that were

3

asserted by Briggs against GEICO in the *Young* action when it first was filed in 2003. *Briggs v. GEICO* is simply a part of the *Young* action that has been severed from the *Young* action. Although the state court required that a separate complaint be filed in *Briggs v. GEICO*, and gave *Briggs v. GEICO* a new case number, these actions do not mean that *Briggs v. GEICO* is a newly commenced action. Rather, the anticipated complaint in *Briggs v. GEICO* is essentially an amended complaint which was necessary to implement the state court's severance order. Under C.R.C.P. 15(c) Briggs' claims against GEICO relate back to the initial assertion of those claims in the *Young* action. For the purpose of the CAFA, this case was commenced on January 10, 2003, the date the initial complaint in the *Young* action was filed. This case was commenced before the effective date of the CAFA, February 18, 2005. Thus, the CAFA is not applicable to this case.

## II.  28 U.S.C. § 1446(b)

Alternatively, GEICO argues that this case is removable under 28 U.S.C. § 1446(b), which provides:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C.A. § 1446 (b).

The *Young* case, as filed on January 10, 2003, was not removed to this court. Only after Briggs' claims against GEICO were severed from the *Young* case did GEICO seek removal of the case to this court. As discussed above, I conclude that the severance of Briggs' claims against GEICO from the *Brown* action does not constitute the commencement of a new lawsuit under the caption *Briggs v. GEICO*. Rather, the anticipated complaint in *Briggs v. GEICO* essentially will be an amended complaint, which is necessary to implement the state court's severance order. This case is not removable under § 1446(b), based on the severance of *Briggs v. GEICO* from the *Young* action, because GEICO is seeking removal based on the court's § 1332 diversity jurisdiction more than one year after the commencement of the action. Again, I find that this action was commenced on January 10, 2003, when the initial complaint was filed in the *Young* action. GEICO's notice of removal was filed more than one year after this action was commenced.

### III. CONCLUSION & ORDERS

Removal of this case is not proper under either the Class Action Fairness Act of 2005 or under 28 U.S.C. § 1446(b).

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Motion to Remand** [#26], filed April 26, 2006, is **GRANTED**; and

2. That this case is **REMANDED** to the District Court of Boulder County, Colorado [filed there under Case No. 06CV348].

Dated July 10, 2006, at Denver, Colorado.

                        **BY THE COURT:**

                        **s/ Robert E. Blackburn**
                        **Robert E. Blackburn**
                        **United States District Judge**